## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

TAMIR MAURICE BLAY                                                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 4:07CV-P69-M

DAVIESS COUNTY DETENTION CENTER *et al.*                             DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Tamir Maurice Blay, a convicted prisoner at the Daviess County Detention

Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  He names four Defendants:  the

Daviess County Detention Center, Jailer David Osborne, Corporal Jason C. Green, and Corporal

Nicole Coomes.  He sues Defendants Osborne and Green in their official capacities and fails to

specify in which capacity he sues Defendant Coomes.  As the complaint is devoid of any

indication that Plaintiff seeks to subject Defendant Coomes to individual liability, the Court

presumes that Defendant Coomes is being sued in her official capacity.  *See Moore v. City of*

*Harriman*, 272 F.3d 769, 773 (6th Cir. 2001); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.

1991).

In the complaint, Plaintiff alleges that on February 1, 2007, he was taken to participate in

the work program but was rejected for the following reason:  "They stated that you must cut your

hair or hair must not exceed shoulder length."  Plaintiff claims that although his hair does not

exceed shoulder length, "they disregarded this fact and then informed me that I could not wear

braids nor dreadlocks despite the length."  Plaintiff asserts that his being forced to cut his

dreadlocks in order to participate in the work program is "discrimination due to the fact braids

and dreadlocks are predominately worn by African Americans." Plaintiff further asserts that this

requirement impinges upon his religious faith as the "Bible clearly states that a man should not

cut his hair nor the corners of his beard." He claims that "[t]his is a religious belief that I sternly

believe and adhere to, and feel I should not be forced to go against my religious beliefs and

convictions in order to participate in a program that I meet all the requirements set forth."

While Plaintiff fails to identify the violation of any specific constitutionally protected or

statutorily created right, the Court construes the action as asserting a free exercise claim under

the First Amendment to the U.S. Constitution and an equal protection claim under the Fourteenth

Amendment to the U.S. Constitution. As relief, Plaintiff seeks damages and an injunction

permitting him to participate in the work program.

The complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). "On review, the court shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." § 1915A(b).

Upon review, the Court will dismiss the claims against the Daviess County Detention

Center, as the detention center is not an entity subject to suit. *See Matthews v. Jones*, 35 F.3d

1046, 1049 (6th Cir. 1994) (noting that the county police department is not an entity which may

be sued); *Ferguson v. Dallas County Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D.

Tex. Feb. 26, 1997) (noting that the county jail lacks separate jural existence and is not a

separate entity subject to suit). However, the Court will allow Plaintiff's First and Fourteenth

Amendment claims to proceed against Defendants Osborne, Green and Coomes in their official

capacities.[1]  In permitting those claims to proceed, the Court passes no judgment on the merit

and ultimate outcome of the case.

   **WHEREFORE, IT IS ORDERED** that the claims against the Daviess County

Detention Center are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The **Clerk is directed**

**to terminate the Daviess County Detention Center** as a Defendant in this action.

   The Court will enter a separate Scheduling Order to govern the development of the

continuing claims.

Date:

cc:  Plaintiff, *pro se*
   Defendants
   Daviess County Attorney
4414.005

---

[1]"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews*, 35 F.3d at 1049.  As the detention center is not an entity subject to suit, the official capacity claims against Defendants are actually against Daviess County. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").